M. M. Adams *v.* J. W. Kyzer.

</div>

Injunction. *Motion to dissolve heard by Chancellor out of his district.*

 The law does not authorize a Chancellor to hear and determine a motion to dissolve an injunction outside of the district in which the case is pending.

Appeal from the Chancery Court of Lincoln County.

Hon. L. McLaurin, Chancellor.

Notice was served on the complainants that a motion to dissolve an injunction in a cause pending in the tenth judicial district would be heard before the Chancellor of the said tenth district,

---

at the city of Jackson, which is in the ninth judicial district, and the motion was accordingly so heard and sustained. From this action of the Chancellor an appeal is taken to this court.

The action of Chancellor was, as he thought, in pursuance of an agreement of counsel in the case, that the question of jurisdiction would be waived.

*W. P. Cassedy,* for the appellant.

The constitution requires the legislature to divide the counties of the State into convenient districts, and that Chancellors shall be appointed for them. If it should be held that each Chancellor should have jurisdiction out of the limits of his district, it would create great confusion and would give the Chancellor the power to drag litigants to the remotest limits of the State. The law only allows a judge to preside out of his district in case of interchange. Section 1805. The only authority that has ever given the Chancellor a right to hear a motion even out of the county in which it is pending in vacation was so held by reason of the statute. See Code 1880, § 1914, and similar statutes before that. *Hiller* ·v. *Cotten,* 54 Miss. 553; *Hazlet* v. *McMillan,* 11 W. Va. 479; *Horn* v. *Perry,* Ib. 699.

*Sessions & Cassedy,* for the appellee.

Record does not show but that the motion was heard and acted upon in his district. It is only in the petition for an appeal that it is charged or shown that the motion was heard and determined in the city of Jackson, and such petition cannot be referred to in determining whether the action of the Chancellor was had at the proper place. It is true a notice to dissolve the injunction appears in the record to the effect that a motion would be made in the city of Jackson to dissolve it on the 10th of April. It does not, however, necessarily or conclusively follow that the motion was acted upon by the Chancellor at the place specified in the notice.

CAMPBELL, C. J., delivered the opinion of the court.

It was erroneous to hear the motion to dissolve the injunction and sustain it at a place out of the district in which the suit was pending. Chancellors are appointed for chancery districts, and

are confined to them in the performance of judicial acts, except as authorized by law, and we are not aware of any law providing for hearing a motion to dissolve an injunction outside of the district in which the cause is pending.

<div style="text-align: right">*Decree reversed and cause remanded.*</div>