# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00415-SCT

*KELLY R. FARIS JERNIGAN ISOM*

*v.*

*JAY L. JERNIGAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/7/2001 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | S. CHRISTOPHER FARRIS |
| ATTORNEY FOR APPELLEE: | ANTHONY SAKALARIOS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED-03/13/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., WALLER AND COBB, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Kelly R. Faris Jernigan Isom (Kelly) appeals to this Court from a judgment of the Chancery Court of Forrest County holding her in willful contempt of court for violating prior judgments of that court. We are asked to consider the consider the validity of a M.R.C.P. 81(d) summons served on her attorney and whether personal service was waived by her attorney's appearance at the hearing on the contempt motion and his failure to question jurisdiction or the sufficiency of the service of process.

¶2. We find that Kelly should have been personally served, but that such was waived by her attorney's appearance on her behalf, his failure to raise the issue of jurisdiction, and his proceeding with the hearing and introducing evidence on Kelly's behalf. Accordingly, we affirm the chancellor.

## FACTS

¶3. Kelly and her ex-husband, Jay L. Jernigan (Jay), are the parents of a minor daughter. Kelly is the non-custodial parent and lives in Atlanta, Georgia. On the weekend of December 3, 2000, Kelly had a scheduled visitation with her daughter. Kelly never returned her daughter to the airport in Gulfport, Mississippi, and secreted her from December 3, 2000, until January 31, 2001, when the Department of Family and Children's Services in DeKalb, Georgia, took custody of the child alleging that Jay had sexually abused her. Apparently, Kelly had made these allegations in Mississippi, California, possibly Arizona and now Georgia with no evidence to back up her allegations.

¶4. A Petition for Citation of Contempt was filed on December 5, 2000, by Jay in the Chancery Court of Forrest County, Mississippi, for Kelly's failure to abide by former judgments. A M.R.C.P. 81(d) summons was issued on December 5, 2000, for an appearance on December 12, 2000, for a hearing. The summons was mailed certified to Henry Granberry, Kelly's counsel, and was received on December 6, 2000. There is no record that there was an attempt to serve Kelly.

¶5. Kelly's attorney, Granberry, appeared at the hearing on December 12, 2000, but did not contest the jurisdiction of the chancery court or the sufficiency of the service of process. Furthermore, he introduced evidence on Kelly's behalf at the hearing from a Georgia nurse practitioner. The chancery court entered a judgment on December 12, 2000, holding Kelly in willful contempt of its previous judgments. A Motion to Set Aside the Contempt and Incarceration Order was filed by Kelly on February 23, 2001. Kelly was incarcerated after a hearing on March 5, 2001. Aggrieved, Kelly appeals to this Court.

## STANDARD OF REVIEW

¶6. This Court applies a limited standard of review on appeals from chancery court. *Reddell v. Reddell*, 696 So. 2d 287, 288 (Miss. 1997). The chancellor's findings of fact should not be interfered

2

with unless they were "manifestly wrong, clearly erroneous or an erroneous legal standard was applied."

***Bell v. Parker***, 563 So. 2d 594, 596-97 (Miss. 1990). However, the chancery court's interpretation

and application of the law is reviewed under a de novo standard. ***In re Carney***, 758 So. 2d 1017, 1019

(Miss. 2000).

## DISCUSSION

I.  **WHETHER THE RULE 81 SUMMONS WAS PROPERLY SERVED UPON APPELLANT'S COUNSEL OF RECORD AND NOT UPON APPELLANT.**

¶7.     M.R.C.P. 81(d)(6) does not authorize service upon counsel for **new** litigation. This issue was

recently addressed in ***Sanghi v. Sanghi***, 759 So. 2d 1250, 1253 (Miss. Ct. App. 2000), where the

court reminded:

> a domestic relations case remains subject to recurring motions even after all prior contested matters are resolved. A pleading to alert the other party that a new dispute has arisen is in the nature of awakening a dormant suit, distinguishable both from commencing new litigation and from just filing a motion in active litigation.

***Id.*** The applicable procedural rule is one that applies to petitions to modify or enforce final custody,

alimony or support judgments. M.R.C.P. 81(d)(2). A summons is to be filed:

> Upon the filing of any action or matter listed in subparagraphs (1) and (2) above, summons shall issue commanding the defendant or respondent to appear and defend at a time and place, either in term time or vacation, at which the same shall be heard.

M.R.C.P. 81(d)(5). Jay contends that M.R.C.P. 81(d)(6) is controlling in this issue:

> Rule 5(b) notice shall be sufficient as to any temporary hearing in a pending divorce, separate maintenance, custody or support action provided the defendant has been summoned to answer the original complaint.

The applicable portion of M.R.C.P. 5(b) states the following:

> **(b) Service: How Made.** Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings,

> the service shall be made upon such attorney unless service upon party himself is ordered by the court.

Arguably this case could fall under the M.R.C.P. 5(b) provision. However, this is a new dispute as in *Sanghi*. We find that Kelly should have been personally served with process in accordance with M.R.C.P. 81(d)(2).

## II. WHETHER THE REQUIREMENTS OF RULE 81 MAY BE WAIVED.

¶8. A Rule 81(d)(5) summons is date and time specific. Kelly alleges that the strict requirements of Rule 81 were not followed in this instance because the seven days until the hearing provision of the rule was not complied with. There were only six days between the time process was served and the actual hearing was held. Jay maintains that, even if Kelly was not properly served, service was waived by her attorney appearing and not raising that issue at the hearing.

¶9. Mississippi does not recognize "special appearances" except where a party appears solely to object to the court's jurisdiction over her person on grounds that she is not amenable to process. *Mladinich v. Kohn*, 250 Miss. 138, 156, 164 So. 2d 785, 791 (1964). One waives process and service, however, upon making a general appearance. *See Arrow Food Distributors, Inc. v. Love*, 361 So. 2d 324, 327 (Miss.1978); *Sandifer v. Sandifer*, 237 Miss. 464, 115 So. 2d 46 (1959). By sending her attorney to appear, Kelly subjected herself to the jurisdiction of the chancery court and waived all objections to improper or insufficient service of process. Not only did Kelly's attorney appear, he introduced evidence at the hearing on Kelly's behalf from a nurse practitioner in Georgia. This indicates that Kelly meant for her attorney to go forward in defending Jay's motion. Since Kelly's attorney appeared on her behalf and did not object to the hearing being six days between time process was served instead of seven, that requirement of Rule 81 was waived.

¶10. Kelly points out in her brief that *Mansour v. Charmax Industries, Inc.*, 680 So. 2d 852, 854-55 (Miss. 1996), holds that jurisdiction of the court is not obtained by a defendant informally becoming aware that a suit has been filed against her. Complete absence of service of process offends due process and cannot be waived. *Id.* In this case Kelly was intentionally secreting her daughter from Jay. She was clearly violating a chancery court order, and her attorney appeared on her behalf. If there was ever a case that service was waived, this is the case. She did not informally become aware of this suit. It is clear that she became aware of this suit by her attorney contacting her. She obviously was prepared to defend herself and did so as her attorney presented evidence on her behalf to the court.

¶11. The requirements of Rule 81 were waived in this particular case by Kelly's attorney making an appearance, failing to challenge jurisdiction or the sufficiency of the service of process and offering evidence on her behalf.

### III. WHETHER THE CHANCELLOR PROPERLY ENTERED A CONTEMPT JUDGMENT AND PROPERLY REFUSED TO SET ASIDE THE CONTEMPT JUDGMENT.

¶12. Kelly contends that this judgment is void because service of process was insufficient. However, that is not the case here. The insufficiency of service of process was waived by Kelly when she sent her attorney to appear on her behalf. This Court has held that where jurisdiction is not contested, there is no reason to set aside a court order. *Karenina ex rel. Vronsky v. Presley*, 526 So. 2d 518, 523 (Miss. 1988). The jurisdiction was not contested at the hearing by Kelly's attorney. Thus, the chancery court did not err in holding Kelly in contempt.

### CONCLUSION

¶13.     The  insufficiency of service of process here was waived by Kelly.  The judgment of the Forrest

County Chancery Court is affirmed.

¶14.     **AFFIRMED.**

          **WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.
PITTMAN, C.J., AND McRAE, P.J., NOT PARTICIPATING.**