**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, The City of New York & The New York State Division of Human Rights, Plaintiffs–Appellees,**

**Willie Ellis, Roysworth Grant, Plaintiffs,**

v.

**LOCAL 28 OF THE SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, Defendant–Appellant,**

**Local 638 Etc.; Local 580, International Association of Bridge, Structural & Ornamental Ironworkers, Joint Apprentice Journeyman Educational Fund, Allied Building Metal Industries, Defendants.**

**Docket No. 00–6339.**

United States Court of Appeals, Second Circuit.

Argued: April 2, 2001.

Decided: April 16, 2001.

334

John O'B. Clarke, Jr., Washington, DC, (Highsaw, Mahoney, & Clarke, Washing-

ton, DC; Edmund P. D'Elia, New York, NY, on the brief), for Defendant–Appellant.

Carrie H. Cohen, Assistant Attorney General, New York, NY, (Eliot Spitzer, Attorney General of the State of New York, Mark Gimpel, Deputy Solicitor General, Elisabeth C. Yap, Assistant Attorney General, New York, NY; Michael D. Hess, Corporation Counsel of the City of New York, Barbara Mehlman, Assistant Corporation Counsel, New York, NY; Gwendolyn Young Reams, Philip B. Sklover, Vincent J. Blackwood, Associate General Counsels, John F. Suhre, Attorney, United States Equal Employment Opportunity Commission, Washington, DC, on the brief), for Plaintiffs–Appellees.

Before OAKES, KEARSE, and CABRANES, Circuit Judges.

PER CURIAM:

In this prolonged employment discrimination litigation, in which this Court has rendered numerous opinions in the 1970s, 1980s, and 1990s, defendant Local 28 of the Sheet Metal Workers' International Association ("Local 28" or the "Union") appeals from an order of the United States District Court for the Southern District of New York, Robert L. Carter, *Judge, see* 117 F.Supp.2d 386 (2000), directing it to, *inter alia,* place funds in escrow in order to satisfy backpay awards to be made to individual members whose rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* were violated by the Union, *see, e.g., EEOC v. Local 638 ... Local 28 of the Sheet Metal Workers' International Ass'n,* 532 F.2d 821, 824–25 (2d Cir.1976) (affirming liability findings); *EEOC v. Local 638 ... Local 28 of the Sheet Metal Workers' International Ass'n,* 753 F.2d 1172, 1178–89 (2d Cir.1985) (affirming all but one of the findings that Local 28 was in contempt of remedial or-

der, and affirming all of the contempt relief ordered against Local 28), *aff'd,* 478 U.S. 421, 441–42, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986); *City of New York v. Local 28, Sheet Metal Workers' International Ass'n,* 170 F.3d 279, 284 (2d Cir. 1999) (affirming backpay remedy for Local 28's contempt and approving procedure for determining the individuals to receive such backpay). On appeal, the Union contends principally (a) that it was denied due process because it did not have notice that an escrow might be ordered, (b) that the order impermissibly requires it to increase dues and assessments without a vote of its membership, and (c) that the district court did not adequately consider the extent to which the escrow would burden the Union. Finding no merit in any of the Union's contentions, we affirm.

▮ The Union's due process argument provides no basis for reversal. The district court found the argument waived because, despite having notice that an escrow requirement would be considered, the Union did not raise a due process argument or contend that additional hearings were needed on that issue until after that court had rendered its decision ordering the escrow. *See* 2000 WL 1793186, *2 (Dec. 6, 2000). In such circumstances, we ordinarily will not consider the waived argument on appeal. *See, e.g., Masella v. Blue Cross & Blue Shield of Connecticut, Inc.,* 936 F.2d 98, 107–08 (2d Cir.1991). In any event, the due process argument is meritless. The Union cannot argue that it had no advance notice that an escrow requirement would be considered by the court. Appellees' request for an escrow order was made in open court on the first day of a five-day hearing to determine the Union's ability to satisfy the anticipated backpay awards without substantially affecting its operations; the district court promptly instructed the parties to address

the escrow issue in their posthearing briefs. The Union did not suggest at the hearing that any additional evidence or proceedings would be required for a determination of the appropriateness of such an order; nor did it make any such suggestion in any of its posthearing briefs prior to the entry of the escrow order. Rather, in its posthearing reply brief, the Union argued the merits of appellees' request, contending that an escrow order would be inappropriate and that the need for such an order was not supported by the evidence. We cannot conclude on this record that there was any denial of due process.

▋ Nor are we persuaded by the Union's contention that the escrow order requires an increase in union dues and assessments in violation of § 101(a)(3)(A) of the Labor–Management Reporting and Disclosure Act ("LMRDA"), which provides that "the rates of dues and initiation fees" are not to be increased without a membership vote, 29 U.S.C. § 411(a)(3)(A) (1994). In the midst of these protracted proceedings to determine the monetary remedy to be imposed for the Union's contempt in failing to comply with earlier remedial orders, the Union's leaders, for articulated business reasons, reduced union dues and assessments, thereby decreasing the amount of money the Union would have available to satisfy backpay awards. It is undisputed that the Union and its members regarded this reduction as "temporary" (e.g., Local 28 brief on appeal at 6 n. 4); and when questioned closely by the district court at the hearing on the Union's ability to satisfy the backpay awards, the Union's president and business manager testified unequivocally that the prior dues and assessment levels could be restored without a membership vote. The district court, in ordering the Union to make periodic payments into the escrow account until all the backpay awards are satisfied, stated that this could be accomplished by the Union's "restoring its dues and assessments to their earlier levels." 117 F.Supp.2d at 392. This provision for the termination of reductions that the Union and its members had characterized as "temporary" was not an order for an increase within the meaning of LMRDA § 101(a)(3)(A).

▋ Finally, we reject the Union's contention that the escrow order was otherwise inappropriate. In a civil contempt proceeding, the district court has "broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions," and "[i]ts determination will not be disturbed absent a clear showing of abuse of discretion." *N.A. Sales Co. v. Chapman Industries Corp.*, 736 F.2d 854, 857 (2d Cir.1984). The record does not support the Union's contention that the district court failed to give adequate consideration to all pertinent factors, including the Union's assets and its present and prospective ability to satisfy the backpay awards. We see no abuse of discretion, and we affirm the terms of the escrow order substantially for the reasons stated by the district court in its opinions reported at 117 F.Supp.2d 386 and 2000 WL 1793186.

We have considered all of Local 28's contentions on this appeal and have found them to be without merit. The order of the district court is affirmed.