GRIFFIS, J.,
for the Court.
¶ 1. The Appellant’s motion for rehearing is granted. The original opinion of this Court is withdrawn, and this opinion is substituted.
¶2. Katie Venegas and James David Gurganus are the unwed parents of a minor child, born on October 31, 2000.
¶ 3. Gurganus commenced a paternity action against Venegas in the Chancery Court of Hinds County. Gurganus petitioned the court to adjudicate paternity, award child support, determine health care responsibility, and establish visitation. Gurganus also sought to change the child’s name.
¶ 4. Venegas responded by filing a motion to dismiss asserting the defenses of lack of subject matter jurisdiction, pursuant to M.R.C.P. 12(b)(1), and lack of personal jurisdiction, pursuant to M.R.C.P. 12(b)(2). Venegas claimed that the Mississippi court did not have jurisdiction because she was a Louisiana resident and the child was born in Louisiana. The chancery court ruled that it had jurisdiction and granted relief to Gurganus.
¶ 5. Finding no error, we affirm the judgment of the chancery court.
ANALYSIS
¶ 6. Venegas argues that" the Circuit Court of Hinds County, Mississippi had no jurisdiction to act in this case. Venegas offered two reasons to support this claim. First, Venegas was a student at the University of Southern Mississippi, in Hatties-burg, and was in Mississippi for the sole purpose of attending the university. Venegas argues that Mississippi Code Annotated Section 37-103-5 (Supp.2003) clearly states that a person who has entered Mississippi for the purpose of enrolling in an educational institution is a nonresident of Mississippi. Second, Venegas claims that the record of the proceedings is without the requisite notices, summons, orders and settings to properly set this case for hearing and to allow the court to proceed.

I. Whether the chancery court had jurisdiction.

¶ 7. Venegas responded to the complaint by filing a motion to dismiss for lack of subject matter and personal jurisdiction. Venegas contends that she is not a resident of Mississippi, but is a resident of Louisiana, and therefore not subject to the jurisdiction of Mississippi’s courts. In addition, Venegas claims that her motion to dismiss was a “special appearance” to contest jurisdiction.[1]
*564 ¶ 8. The record does not contain an order on the motion to dismiss. However, it is evident that the chancellor denied the motion. In his bench opinion, the chancellor mentioned a previous hearing where he found that the court had jurisdiction to decide the matters before it. The chancellor ruled:
This case has been on file for quite some time, and at one point the defendant in this case, through her attorney, made an effort to dismiss the case, stating that jurisdiction belonged in Louisiana. In other words, take this case out of the jurisdiction of Mississippi. We heard this matter and concluded or I concluded that she was subject to jurisdiction of the Mississippi courts, and specifically this court....
Based on this statement contained in the record, we will review the chancellor’s ruling regarding the court’s jurisdiction.
¶ 9. Venegas’s brief only argues that the court did not have personal jurisdiction over her person. Although she did not discuss her claim that the chancery court lacked subject matter jurisdiction, we will examine both her claim that the court lacked subject matter and personal jurisdiction.
¶ 10. First, we examine whether the chancery court had subject matter jurisdiction. Gurganus filed a paternity action and asked the court to adjudicate that he is the child’s father. Mississippi Code Annotated Section 93-9-9(l)(Supp.2003) provides that “[pjaternity may be determined upon the petition of the mother, or father.... ” Gurganus was a proper party to commence a paternity action. He filed the complaint in chancery court. Mississippi Code Annotated Section 93-9-15 (Supp.2003)provides that a chancery court has jurisdiction over paternity actions. Clearly, the chancery court had subject matter jurisdiction over the case.
¶ 11. Next, we examine whether the Mississippi chancery court had personal jurisdiction over Venegas. Venegas argues that it did not. Venegas does not make the standard personal jurisdiction arguments. She does not cite nor argue the Mississippi long-arm statute. Miss. Code Ann § 13-3-57(Rev.2002). Venegas does not contend that she lacks minimum contacts with Mississippi such that requiring her to litigate in Mississippi would “offend traditional notions of fair play and substantial justice.” Int’l Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Instead, Venegas relies on Mississippi Code Annotated Section 37-103-5, which provides:
A person who has entered the State of Mississippi from another state and enters an educational institution is considered a nonresident. Even though he may have been legally adopted by a resident of Mississippi, or may have been a qualified voter, or a landowner, or may otherwise have sought to establish legal residence, except as otherwise provided in Section 37-103-25(2), such a person will still be considered as being a nonresident of Mississippi if he has entered this state for the purpose of enrolling in an educational institution.
*565 The title to this section of the Code is “Attendance at educational institution” and is located in the “Education” title of the Mississippi Code.
¶ 12. It is obvious from the statute and an examination of the related statutes that the legislature’s intent in enacting Mississippi Code Annotated Section 37-103-5 was to define residents and non-residents for the sole purpose of determining tuition costs. Nothing in the statute suggests, as Venegas urges, that the statute has any effect on the jurisdiction of our courts. Venegas’ reliance on this statute is misplaced.
¶ 13. In Jones v. Chandler, 592 So.2d 966 (Miss.1991), the Mississippi Supreme Court considered a similar situation. Justice Robertson defined the issue presented as follows:
We consider today the plea of a nonresident defendant, who resided (temporarily) in this state and engaged in a course of conduct with a citizen of this state wholly within the territorial boundaries of this state, such that the nonresident was once wholly amenable to suit on a claim arising out of the course of conduct. The non-resident thereafter left Mississippi but from without visited upon citizens of this state substantial, adverse and actionable effects factually and causally the outgrowth of his earlier conduct here.
The question is whether our law makes such a person amenable to suit in Mississippi. We answer “Yes” and affirm the judgment below.
Id. at 968. Chandler and Jones were both students at Jackson State University, where Chandler became pregnant as a result of sexual relations with Jones. Id. at 968-69. Eleven years later, Chandler, a Mississippi resident, filed a paternity action against Jones, then a Tennessee resident. The chancellor denied Jones motion to dismiss on the grounds that the court lacked personal jurisdiction, and Jones appealed. Id. at 969. A divided supreme court concluded:
These things said, we find the interests of this state and its people adequate that we ought hold persons such as Carl Anthony Jones amenable to suit here. We find the statutory and common law sources adequate that we may, in a paternity and support action, declare this state’s law to hold amenable to suit here a non-resident who, in this state, together with a resident of this state, begets a child that thereafter resides here without support from his putative father. Applying this rule, we take the complaint as true, augmented by the proof below, and hold that, by reason of his presence in Mississippi as a student at Jackson State University, his activities and relationship with a citizen of this state, and his subsequent failure to support the child he begat here and who still lives here, Carl Anthony Jones is wholly amenable to suit in this state.
Id. at 972.
¶ 14. While the roles are reversed in the case presently before us, Jones is no less instructive. Just as in Jones, the relationship and conduct which resulted in the child’s birth occurred in Mississippi. Gurganus and Venegas were residing in Mississippi, attending separate universities. Here, however, Gurganus (the father) seeks to establish paternity of the child and Venegas (the mother) claims that the court lacked personal jurisdiction. Gurganus argues that this case is a stronger factual basis to exercise personal jurisdiction because there was un-rebutted evidence that the child received public assistance, in the form of Medicaid from the State of Mississippi (a benefit which is only available to Mississippi residents).
*566 ¶ 15. We find that the chancellor did not err in exercising subject matter and personal jurisdiction. Accordingly, this assignment of error is without merit.

II. Whether Venegas was properly before the court.

¶ 16. Venegas next argues that the record of the proceedings is without the requisite notices, summons, orders and settings to properly set this case for hearing and to allow the court to proceed. Venegas describes the record of this case as a “mess.”
¶ 17. She makes three arguments. First, Venegas claims that there was no return of process in the file that indicates she was ever “legally informed” about this case. She argues that she never waived this deficiency because “her appearance before the court was a special appearance to contest jurisdiction.” Next, she claims that she filed a motion to dismiss for lack of jurisdiction that was never resolved by the chancellor through order or opinion. She argues that although the chancellor referred to the order on the motion there was never an order. Finally, she complains that M.R.C.P. 81 process was not completed. She argues that “[n]o such process exists in the record.” Venegas claims that she objected “to every action by the Trial Court at every appearance and prior to the final hearing sought a continuance from a case that was not properly set before the Court, all to no avail.” She then makes the following argument:
[Venegas] would submit that she has challenged the Trial Court’s jurisdiction in this case, both procedurally and substantively, at every opportunity given to her only to have those challenges taken as an affront to the authority of the Court rather than a legitimate exercise of legal procedural rights. [Venegas] would cite the case of Morrison v. Mississippi Department of Human Services, 852 So.2d 578 (Miss.Ct.App.2002) to support her position that upon a direct attack through objection to proceeding, the Court must have process properly in place. [Venegas] submits that such process is not in this record.
¶ 18. We examine Venegas’ argument by reviewing the record. The record contains a complaint that was filed on July 22, 2002. There is a summons that was issued to Venegas, which set the hearing for October 25, 2002. There is no return of service. On October 17, 2002, Venegas filed a motion to dismiss. The motion stated that it was a “special appearance” and stated:
That [Venegas] is an adult, non-resident citizen of the State of Mississippi and that she is an adult resident citizen of the State of Louisiana and would show that jurisdiction of this cause is properly vested in the courts of the State of Louisiana.
That [Venegas] would further show unto the Court that the minor child which is the subject of this litigation is also a non-resident of the State of Mississippi being a resident of the State of Louisiana and would show that this Court has no jurisdiction over said minor child.
That [Venegas] alleges this case is brought under Section 93-9-1, et seq. of the Mississippi Code of 1972, Annotated, as Amended, and [Venegas] would show that said statutory provisions invoked by Plaintiff do not provide for jurisdiction of this Court over a non-resident defendant or a non-resident child and the Defendant would show that this Court has no jurisdiction over her or her child as non-residents of the State of Mississippi and that this cause must be brought in the appropriate forum in the State of Louisiana.
*567 Wherefore, premises considered, [Vene-gas] makes this her special appearance to object to the jurisdiction of this Court ... to file this her Rule 12(b)(1) and Rule 12(b)(2) Motion to Dismiss for lack of this Court to have jurisdiction over either of the parties or the subject matter of this cause....
¶ 19. On February 27, 2003, Gurganus’ counsel filed a motion to set the case on trial calendar. On May 7, 2003, Venegas’s counsel filed a motion for continuance. The motion asked for a continuance of the May 8, 2003 hearing due to a conflict with her University of Southern Mississippi final examinations. The motion made no claims of insufficient process or service of process.
¶ 20. The next action was the transcript of the hearing held on May 8, 2003. From the argument made by Venegas, we would expect that her counsel would have made some objection to the hearing or asked that the motion to dismiss be considered. Such objection or request is not in the trial transcript. Indeed, there is no indication from the trial transcript that Venegas’ counsel ever presented the issues that are argued before this Court to the chancellor for a decision. Instead, we have determined that Venegas asserts her claim that a Rule 81 service of process — return of service was not contained in the record, i.e. insufficiency of service of process, for the first time on appeal.[2]
¶ 21. In Dennis v. Dennis, 824 So.2d 604, 611(¶ 18) (Miss.2002), the supreme court held that because the appellant failed to raise challenges to service of process in the court below, the court would not consider them on appeal. The court ruled:
He [the appellant] never made an objection pertaining to defective service from the beginning to the end of the hearing. We are not required to address issues that are not objected to at trial and preserved for appeal. Caston v. State, 823 So.2d 473, 503 (Miss.2002) (citing Gatlin v. State, 724 So.2d 359, 369 (Miss.1998) (“If no contemporaneous objection is made, the error, if any, is waived.”); Carr v. State, 655 So.2d 824, 832 (Miss.1995) (appellate court is under no obligation to review an assignment of error when an objection was not made or when an objection was untimely)). See also EEOC v. Local 28 of the Sheet Metal Workers Int’l Ass’n, 247 F.3d 333 (2d Cir.2001) (contemnor waived claim that its due process rights were violated where it did not raise a due process argument until after court had rendered its decision); Peterson v. Highland Music, Inc., 140 F.3d 1313 (9th Cir.1998) (contemnor waived claim of due process violations where he failed to raise a due process objection before the court). David had ample time between the date the motion was served on his attorney until the hearing to make a written objection to the motion. Instead, he announced ready at the beginning of the hearing, defended the allegations against him and even subpoenaed witnesses to rebut the allegations. The first time David has ever objected to defective service or to a violation of due process is on appeal.
Dennis, 824 So.2d at 611(¶ 18).
¶ 22. A similar matter was considered in Isom v. Jernigan, 840 So.2d 104, ¶ 107 (Miss.2003). In Isom, the father filed a petition for contempt against the mother *568 for failure to abide by the visitation orders. Id. at 105(¶ 4). A Rule 81(d) summons was issued but there was no record of an attempt to serve or completed service of process on the defendant. Id. The supreme court held that the defendant “subjected herself to the jurisdiction of the chancery court and waived all objections to improper or insufficient service of process. Not only did [the defendant’s attorney appear, he introduced evidence at the hearing on [the defendant’s behalf from a nurse practitioner in Georgia.” Id. at 107(¶ 10). While the court recognized that the defendant was never served, it held that service was waived because “[s]he did not informally become aware of this suit. It is clear that she became aware of this suit by her attorney contacting her. She obviously was prepared to defend herself and did so as her attorney presented evidence on her behalf to the court.” Id.
¶ 23. Venegas’ counsel appeared for the hearing and participated by cross-examining the plaintiff and by calling a witness during her case-in-chief. However, Vene-gas did not object to or challenge any irregularities in the service of process. Venegas’ motion to dismiss asserted that the court lacked subject matter and personal jurisdiction, but failed to mention any alleged insufficiencies in the service of process. We find that Venegas asks us to reverse the chancellor on grounds that were not first presented to the chancellor for a decision. As an appellate court, we “will not review matters on appeal that were not raised at the trial court level.” Bridges & Shelson, Griffith Mississippi Chancery Practice § 676 (2000).
¶ 24. Venegas also asserts that her motion to dismiss for lack of jurisdiction was never resolved by the court through order or opinion. However, Venegas offers no legal authority holding that this would constitute error, even if this assertion were accepted as true.
¶ 25. As discussed above, the chancellor mentioned in his bench opinion that he made a previous ruling regarding the court’s jurisdiction. A transcript or other record of this hearing and ruling is not before this Court. Therefore, we are unable to determine whether the court did resolve the matter through order or opinion. Regardless, even accepting Venegas’ claim as true, this assignment of error is without merit.
¶ 26. In Cossitt v. Alfa Insurance Corp., 726 So.2d 132, 135(¶ 12) (Miss.1998), our supreme court ruled:
“[T]he affirmative duty rests upon the party filing the motion to follow up his action by bringing it to the attention of the trial court.” Cossitt I, 541 So.2d at 446. A motion that is not ruled upon is presumed abandoned. See 60 C.J.S. Motions & Orders §§ 42 (1969); Prather v. McGrady, 261 Ill.App.3d 880, 199 Ill.Dec. 460, 464, 634 N.E.2d 299, 303 (1994).
Since it was Venegas’ duty to follow up her motion and ensure that the court ruled on the motion, we find that her allegations that the court erred by not resolving the matter through order or opinion are without merit.
¶ 27. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, AND BARNES, JJ„ CONCUR. ISHEE, J., NOT PARTICIPATING.

. A voluntary entry of appearance no longer serves as a waiver of the right to subsequently *564 contest the court’s in personam jurisdiction arising from an alleged defect in the manner in which the defendant was served with process. Schustz v. Buccaneer Inc., 850 So.2d 209, 213 (¶ 14) (Miss.Ct.App.2003). Thus, earlier disputes over whether an appearance was a general appearance or a special appearance for the limited purpose of contesting the court's jurisdiction have become moot. Id. However, the right to contest problems with service of process may be lost if they are not raised at the first opportunity. Young v. Huron Smith Oil Co., 564 So.2d 36, 38-39 (Miss.1990).

. We note that Venegas’ motion to dismiss asserted two defenses: lack of jurisdiction over the subject matter (M.R.C.P. 12(b)(1)) and lack of jurisdiction over the person (M.R.C.P. 12(b)(2)). Venegas's motion did not assert a defense for insufficiency of process (M.R.C.P.12(b)(4)) nor insufficiency of service of process (M.R.C.P.12(b)(5)).