# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00681-SCT

*CORPORATE MANAGEMENT, INC.*

*v.*

*GREENE RURAL HEALTH CENTER BOARD OF
TRUSTEES, GREENE COUNTY, MISSISSIPPI,
JOHN MARSHALL EUBANKS, TOMMY
ROBERTS AND MARION PIERCE*


| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2009 |
| TRIAL JUDGE: | HON. T. KENNETH GRIFFIS, JR. |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DARREN E. GRAY |
| ATTORNEYS FOR APPELLEES: | SETH CHRISTOPHER HALL |
| | HEBER S. SIMMONS, III |
| | DAVID M. OTT |
| | DOUGLAS G. MERCIER |
| | CHRISTOPHER GARRETT HENDERSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 11/04/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., LAMAR AND KITCHENS, JJ.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     A long history of litigation involves the management of a county hospital and nursing

facility by Corporate Management, Inc. (CMI),[1] a medical management company, and

Greene County, Mississippi, through its Board of Supervisors and Board of Trustees

---

[1] Corporate Management, Inc. is incorporated in Gulfport, Mississippi.

(Trustees).[2] CMI now appeals from a March 9, 2009, order, in which the special chancellor determined that it had limited jurisdiction to enforce the terms of the Transition Order, and that certain provisions identified in the Transition Order required clarification. We find that the special chancellor correctly found that it had limited jurisdiction to hear Greene County's Motion for Contempt and for Damages. Further, this Court finds that the special chancellor did have the authority to hold a hearing outside the chancery district in which the matter was filed.

## FACTS AND PROCEEDINGS BELOW[3]

¶2.    The original litigation in this matter stems from two contracts entered into by the Trustees of the Greene County Health Center ("GRHC Trustees" and "GRHC") and Corporate Management, Inc. (CMI) for the management of Greene County's community hospital and nursing home in early 2005. Ultimately, this Court found the contracts to be invalid. *Greene County v. Corporate Mgmt., Inc.*, 10 So. 3d 424, 433 (Miss. 2009).

¶3.    Greene County then entered into a long-term lease with George Regional Health System for the management of Greene County's community hospital and nursing home. On July 2, 2008, the special chancellor entered a judgment which set out the responsibilities and

---

[2] *Greene County, Miss., John Marshall Eubanks, Tommy Roberts and Marion Pierce v. Corporate Mgmt. Inc.*, 10 So. 3d 424 (Miss. 2009); see also *Corporate Mgmt., Inc. v. Greene County, Miss.*, 23 So. 3d 454 (Miss. 2009).

[3] For a more detailed recitation of the facts see *Greene County, Miss., John Marshall Eubanks, Tommy Roberts and Marion Pierce v. Corporate Mgmt., Inc.*, 10 So. 3d 424 (Miss. 2009); see also *Corporate Mgmt., Inc. v. Greene County, Miss.*, 23 So. 3d 454 (Miss. 2009).

duties of Greene County and CMI. Paragraph 7 provided that "the parties shall attempt to agree upon and submit an Agreed Transition Order setting forth the necessary terms and conditions that will control the expiration of the management agreement between GRHC and CMI, and the initiation of the lease agreement with George Regional Health System."

¶4. On July 23, 2008, the special chancellor entered a Transition Order detailing the terms and conditions concerning GRHC's transfer of management. The Transition Order stated, in part:

> In addition, at 9:00 a.m. on Wednesday, July 30, CMI shall allow GRHC and George Regional complete access to inspect and copy any and all other books, records, contracts, lease, etc. of GRHC or associated with CMI's management of GRHC, specifically including, but not limited to, all computers and computer systems, their locations, operations and any access codes necessary to obtain information from said computers or systems. Such access is not to unreasonably interfere with the regular business and workflow of the GRHC facility.
>
> . . .
>
> Any person or entity who interferes with proper patient care or violates the terms of this Transition Order shall be subject to the contempt powers of the Chancery Court of Greene County, Mississippi.

¶5. On January 26, 2009, Greene County filed its Motion of Greene Rural Health Center Board of Trustees and the Board of Supervisors of Greene County for Contempt and for Damages, alleging that CMI had violated the court's transition order which required CMI to provide all books, records, and other information. Thereafter, CMI filed its response to

3

Greene County's motion on February 9, 2009, and its amended response on February 17, 2009, contesting the court's jurisdiction.[4]

¶6.     Specifically, CMI argued that (1) the special chancellor lacked the authority to preside over Greene County's motion because the matter for which he was appointed had ended in a final judgment, and (2) Rule 81 of the Mississippi Rules of Civil Procedure requires service of time-and-date-specific summons which Greene County has never served. On February 13, 2009, the trial court ordered a hearing to be held in the Panel Courtroom at the Gartin Justice Building, Jackson, Mississippi, on February 25, 2009.[5]

¶7.     At the hearing, the trial court took up CMI's motion for continuance and motion for recusal before hearing Greene County's motion for contempt.[6] Initially and throughout the hearing, CMI alleged that the trial court did not have jurisdiction, and that CMI was present only on a "special appearance." The trial court denied both CMI's motion for continuance and motion for recusal. Greene County was then allowed to proceed on its motion for contempt. During Greene County's case-in-chief, CMI cross-examined Greene County's only witness. After Greene County rested its case-in-chief, CMI decided to call its own witness and presented testimonial evidence alleging that CMI had complied with the trial court's

---

[4] On February 17, 2009, CMI also filed a motion to continue the hearing on the motion and filed a motion for recusal on February 23, 2009.

[5] The trial court's Order Setting Hearing on Motion for Contempt was filed February 17, 2009.

[6] The trial court stated that it does not have jurisdiction to hear or rule on the issue of damages.

Transition Order. CMI also gave closing remarks regarding compliance with the Transition Order. After hearing arguments and testimony from witnesses for both parties, the trial court continued the matter until its order filed on March 9, 2009.

¶8.     On March 9, 2009, the trial court entered its order, granting in part and denying in part Greene County's motion for contempt. Specifically, the trial court found that its jurisdiction was limited to enforcement of the terms of the Transition Order, and that Greene County's request for damages was beyond the court's jurisdiction. In addition, the trial court did not hold CMI in contempt, but rather, it clarified certain terms of the Transition Order relating to the transfer of information from CMI to George Regional Health System and Greene County.

¶9.     Subsequently, CMI filed its Motion to Reconsider, which was denied. CMI now appeals the trial court's March 9, 2009, order.

## ANALYSIS

¶10.    CMI raises two issues on appeal. CMI argues that (1) the trial court lacked jurisdiction to hear Greene County's motion for contempt and for damages, and, in the alternative (2) that the trial court exceeded its authority when it ordered the parties to conduct a hearing outside the chancery court district in which the matter was filed and to which the special chancellor was appointed.

*I. Whether the trial court had jurisdiction to hear Greene County's motion for contempt and damages.*

5

¶11.   Upon review, this Court will not disturb the findings of a chancellor unless "manifestly wrong, clearly erroneous or a clearly erroneous legal standard was applied." *Isom v. Jernigan*, 840 So. 2d 104, 106 (Miss. 2003) (quoting *Bell v. Parker*, 563 So. 2d 594, 596-97 (Miss. 1990)). However, the trial court's interpretation and application of the law is reviewed de novo. *Isom*, 840 So. 2d at 106.

¶12.   CMI argues that Rule 81 of the Mississippi Rules of Civil Procedure governs, and that it was entitled to service of process before being subjected to the trial court's jurisdiction. CMI fails to realize that, although "the special chancellor ordered that the second amended final judgment be a Rule 54(b) final judgment, the trial court retained jurisdiction for the purpose of enforcing its judgment." *Corporate Mgmt., Inc. v. Greene County*, 23 So. 3d 454, 458 (Miss. 2009).

¶13.   Rule 5 of the Mississippi Rules of Civil Procedure provides, in part: "Except as otherwise provided in these rules, . . . , every pleading subsequent to the original complaint, . . . shall be served upon each of the parties." M.R.C.P. 5(a). "This rule presupposes that the court has already gained jurisdiction over the parties." M.R.C.P. 5 cmt. Because the court retained jurisdiction for the purpose of enforcing its judgment, Rule 5 of the Mississippi Rules of Civil Procedure applies. Further, Greene County's motion for contempt is a pleading subsequent to CMI's original complaint and, therefore, was subject to the service requirements of Rule 5(a).

¶14.   Rule 5(b) provides the method by which pleadings and other papers may be served under Rule 5(a). Rule 5(b) provides, in part:

6

> Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him; or transmitting it to him by electronic means; or by mailing it to him at his last known address, or if no address is known, by leaving it with the clerk of the court.

M.R.C.P. 5(b).

¶15. At the time Greene County filed its motion for contempt and for damages, CMI was still "a party who is represented by an attorney of record in the proceedings." Greene County effected service upon CMI by mailing its motion, via United States mail, to counsel for CMI, which is in compliance with the requirements of Rule 5(b). Thus, Greene County properly served CMI under Rule 5(b). Therefore, the trial court had jurisdiction to hear Greene County's motion for contempt, and no new service of process was needed.

¶16. Furthermore, Rule 70 of the Mississippi Rules of Civil Procedure states:

> (a) If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.
>
> . . .
>
> (d) The court may also in proper cases adjudge the party in contempt.

M.R.C.P. 70. The comment to Rule 70 provides that "the purpose of Rule 70 is to provide ample power to the courts for dealing effectively with parties who seek to thwart judgments by refusing to comply with orders or perform specific acts." M.R.C.P. 70 cmt. As noted above, "the special chancellor ordered that the second amended final judgment be a Rule

7

54(b) final judgment, [and] the trial court retained jurisdiction for the purpose of enforcing its judgment." ***Corporate Mgmt., Inc. v. Greene County***, 23 So. 3d 454, 458 (Miss. 2009). Thus, we find that the trial court was vested with the authority to retain jurisdiction for the purpose of enforcing its judgment under Rule 70 of the Mississippi Rules of Civil Procedure.

*II. Whether the trial court had the authority to order the parties to conduct a hearing outside the chancery court district in which the matter was filed and to which the special chancellor was appointed.*

¶17.   CMI argues that the special chancellor did not have authority to conduct a hearing outside the chancery district in which the matter was filed, and that the matter should be heard in Greene County, Mississippi, not Jackson, Mississippi. In support of its position, CMI cites ***Adams v. Kyzer***, 61 Miss. 407 (1883).

¶18.   In ***Adams***, notice was served on the complainants that a motion to dissolve an injunction, in a cause pending in the tenth judicial district, would be heard before the chancellor of the tenth judicial district, in Jackson, which, at the time, was in the ninth judicial district. ***Adams***, 61 Miss. 407. The chancellor in this particular case was acting, as he thought, pursuant to an agreement between counsel for both parties, that the question of jurisdiction would be waived. However, this Court held:

> It was erroneous to hear the motion to dissolve the injunction and sustain it at a place out of the district in which the suit was pending. Chancellors are appointed for chancery districts, and are confined to them in performance of judicial acts, except as authorized by law, and we are not aware of any law providing for hearing a motion to dissolve an injunction outside of the district in which the cause is pending.

***Id.***

8

¶19.     However, based on the unique facts and circumstances of this case, this argument is without merit. On February 25, 2009, the special chancellor held a hearing on Greene County's motion for contempt, CMI's motion for recusal and CMI's motion for continuance, in Jackson. Greene County alleged that CMI had failed to comply with the trial court's Transition Order. CMI alleged that the trial court lacked jurisdiction to hear the matter and that the hearing should have been held in Greene County, where the matter was filed. CMI argued that, because the hearing was held in Jackson, instead of Greene County, CMI was not able to call particular witnesses and present evidence and, thus, was deprived of due process.

¶20.     While CMI alleges that it was denied due process by not being able to call particular witnesses and present evidence, CMI fails to recognize Mississippi Code Section 9-5-85, which states that the chancery courts of this State have the power to summon or subpoena any witness, whose appearance in court may be deemed necessary for any purpose, whether such witness resides in the same county or any other county. Miss. Code Ann. § 9-5-85 (Rev. 2002). Thus, prior to the hearing, CMI could have requested the chancery court to issue subpoenas for the witnesses it expected to call, but did not.

¶21.     In addition, the special chancellor in this case did not transfer venue in this matter. The special chancellor held only one hearing in Jackson, and it was held at the convenience of counsel for CMI.[7] Moreover, the special chancellor did not find any of the parties in

_____

[7] At the time the hearing was originally scheduled John Reeves, counsel for CMI, was involved in a high-profile federal criminal case, *U.S. v. Melton*. The special chancellor

contempt and clarified only certain provisions of the Transition Order relating to the transfer of information from CMI to George Regional and Greene County. Therefore, this Court finds that, based on the unique facts and circumstances of this case, CMI's argument is without merit.

## CONCLUSION

¶22. Because CMI was properly served under Rule 5 of the Mississippi Rules of Civil Procedure and because Mississippi Rule of Civil Procedure 70 provided the trial court with the authority to retain jurisdiction for the enforcement of its orders, this Court finds that the special chancellor did have jurisdiction to hear Greene County's motion for contempt. In addition, we find that CMI's assignment of error that the special chancellor was without authority to hear the matter outside the sixteenth chancery district is without merit. Accordingly, the trial court's order is affirmed.

¶23. **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, AND CHANDLER, JJ., CONCUR. DICKINSON, J., CONCURS IN RESULT ONLY. PIERCE, J., NOT PARTICIPATING.**

---

contacted the judge presiding over the *Melton* case to discuss the availability of Mr. Reeves. The special chancellor also contacted both parties in this matter to work out a time and place for the hearing. Ultimately, the special chancellor stated that the decision to hold the hearing on February 25, 2009, in Jackson, "was made more out of concern for Mr. Reeves' schedule and the completion of U.S. v. Melton trial . . . ."

10