MODIFIED OPINION ON MOTION FOR REHEARING
GRIFFIS, J.,
for the Court.
¶ 1. Appellant’s motion for rehearing is granted. The prior opinion of this Court is withdrawn, and this opinion is substituted therefor.
¶2. Shirley Ann James Hanshaw and Larry Hanshaw were divorced by the Lafayette County Chancery Court, which also divided up the marital estate. Pursuant to the division, Shirley was ordered to vacate the marital residence so that it could be sold. When she failed to do so, she was cited for contempt of court and fined $12,000, which was paid to Larry from Shirley’s proceeds from the sale. Shirley raises the following issues on appeal, which we list verbatim:
I. THE TRIAL COURT ERRED BY GRANTING AN UNNOTICED OR *172 IMPROPERLY NOTICED CONTEMPT CITATION AGAINST PLAINTIFF/APPELLANT, SHIRLEY HANSHAW;
II. THE TRIAL COURT ERRED IN ASSUMING JURISDICTION OF A CONTEMPT CHARGE WITHOUT PROPER NOTICE;
III. THE TRIAL COURT ERRED IN AWARDING $500 PER HOUR CONTEMPT PENALTY AGAINST PLAINTIFF/APPELLANT, AS SUCH PENALTY IS EXCESSIVE.
¶ 3. We find that the chancellor erred in holding that Shirley waived proper notice of the contempt action. Therefore, we reverse the chancellor’s finding of contempt.
FACTS
¶ 4. Shirley filed for a divorce in 1998. Eventually, the parties agreed to an irreconcilable differences divorce, leaving the issue of property division for the chancery court’s determination. On June 23, 2004, the chancery court entered a judgment dividing the property and requiring that if the house was not sold within ninety days, it would be sold at auction. On September 3, 2004, the court entered a final judgment regarding the division of the marital estate, which Larry sought clarification of pursuant to Rule 59 of the Mississippi Rules of Civil Procedure. Larry filed his motion for clarification on September 13, 2004. The court did not rule on the motion until October 14, 2004.
¶ 5. A buyer was found for the house, and closing was scheduled for September 30, 2004. At Shirley’s request, the closing was rescheduled to October 5, 2004. On October 4, 2004, both Shirley’s and Larry’s attorneys appeared before the chancellor and expressed concern that Shirley would not vacate the residence in time to complete the sale. Consequently the chancellor issued an order on October 5, 2004, providing that if Shirley did not vacate the residence by 2:00 p.m. on October 5, she would be fined $500 per hour every hour until 2:00 p.m. on October 6, at which time she could be held in contempt and would be subject to incarceration. While the chancellor referred to a potential finding of contempt and called the $500 per hour penalty a “fine,” it was a fine payable to Larry rather than to the court or the state. No summons was issued to give Shirley notice of the attorneys’ appearances before the chancellor on October 4, 2004, but it is clear from the record that Shirley’s attorney called her and related what had happened before the chancellor.
¶ 6. On October 4, 2004, Shirley was hospitalized due to chronic fatigue. She was not discharged until approximately 5:00 p.m. on October 5, and she did not fully vacate the marital residence until sometime after 2:00 p.m. on October 6. On October 7, 2004, the chancery court entered an order requiring that Shirley vacate by close of business on October 7 and requiring Shirley and Larry to sign an addendum extending the closing date until October 8, 2004. There were additional provisions fining Shirley $12,000, payable to Larry, and ordering Shirley arrested until she vacated the residence, but these provisions were struck by the chancellor. Eventually, the sale of the house took place without incident. It is undisputed that there was no loss of value in the sale as a result of Shirley’s delay in vacating the marital residence.
¶ 7. Sometime after this, the court held a hearing on Larry’s Rule 59 motion for clarification. At the hearing, the parties and the court discussed what should be done regarding Shirley’s contempt of court. It is undisputed that Shirley and her counsel attended and asked the chancery court to “reconsider [its] ruling con *173 cerning contempt.” In an October 14, 2004, order, the court clarified its judgment and denied Shirley’s request for reconsideration of contempt. A “settlement sheet” attached to the October 14 order shows that Shirley paid Larry $12,000 of her share of the proceeds from the sale of the marital residence as a fine for her late removal from the residence.
¶ 8. On October 15, 2004, new counsel for Shirley filed a Rule 59 motion, contending that jurisdiction had not been properly obtained in the contempt matter. The chancellor denied Shirley’s Rule 59 motion in a July 29, 2005, order, finding that her “general appearance” at the hearing leading to the October 14 order waived any issue regarding the lack of a Rule 81 summons. The July 29 order stated that Shirley had produced evidence that she was hospitalized with chronic fatigue on October 4, 2004, and was discharged the next day. The court found that it was “unable to accept” Shirley’s explanation that her hospitalization made her move impossible. The court noted that Shirley had scheduled movers for October 4, 2004, well in advance of the October 6, 2004, deadline, but she had cancelled the move.
¶ 9. Neither of the Rule 59 hearings was transcribed, nor is there any record of what transpired at the October 4 appearance by both counsel before the chancellor. Our record is limited to the pleadings by the parties in the chancery court and the court orders themselves.
ANALYSIS

Jurisdiction and Notice of the Contempt Citation

¶ 10. Shirley’s first two assertions of error go to the same issue and will be discussed together. We will not disturb a chancellor’s findings of fact unless the findings are “manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Isom v. Jernigan, 840 So.2d 104, 106(¶ 6) (Miss.2003) (quoting Bell v. Parker, 568 So.2d 594, 596-97 (Miss.1990)). However, we review the court’s findings of law de novo. Id.
¶ 11. The first two issues raised by Shirley turn upon whether she received proper notice of the court’s contempt action. Actions for contempt are governed by Rule 81(d) of the Mississippi Rules of Civil Procedure. Rule 81(d)(5) requires that upon the filing of an action for contempt, a summons be issued that commands the defendant to appear and defend at a specific time and place. Further, a Rule 81 summons must be personally served on the defendant. Dennis v. Dennis, 824 So.2d 604, 609-10(¶ 13) (Miss.2002).
¶ 12. Here, the chancellor found that Shirley waived any objection to improper service when her attorney made an appearance at a later hearing on an unrelated motion for clarification. This exact issue of waiver was decided by the supreme court in Isom. There, a Rule 81 summons was issued based on charges of contempt. Isom, 840 So.2d at 105(¶ 4). The summons was served on Isom’s attorney, but Kelly Isom was never personally served. Id. The supreme court held that it was error not to serve Isom personally; however, the court further determined that the requirements of Rule 81 had been waived by the appearance of Isom’s attorney at the contempt hearing. Id. at 107(¶ 9).
¶ 13. The supreme court held that special appearances are only recognized “where a party appears solely to object to the court’s jurisdiction over her person on grounds that she is not amenable to process.” Id. The appearance of Isom’s attorney waived all objections to insufficient service of process. Id.
*174 ¶ 14. The circumstances are similar here, yet not identical. In Isom, Isom’s attorney actually appeared at the contempt hearing. There, Isom’s attorney was able to present evidence on Isom’s behalf related to the contempt charge. That did not happen here.
¶ 15. There was no contempt hearing held in this case. On October 4, 2004, attorneys for both parties met with the chancellor because of the concern that Shirley would not vacate the house in time for its scheduled sale. Thus, the chancellor issued an order on October 5th providing that Shirley could be held in contempt if the house was not vacated by 2:00 p.m. on October 6th.
¶ 16. In Isom, the court held that the requirements of Rule 81 were waived because Isom’s attorney appeared at the contempt hearing, failed to challenge jurisdiction or service, and offered evidence on her behalf. Id. Here, Shirley was never given an opportunity to present evidence on her behalf before a finding of contempt was made. There was no Rule 81 notice of a contempt hearing because there was no contempt hearing at all.
¶ 17. On October 4th, Shirley’s attorney agreed that Shirley’s failure to vacate the house on October 6th would constitute contempt. However, it is unclear whether her attorney was aware of her hospitalization at that time. A hearing was never scheduled between the filing of Larry’s motion for relief for contempt on October 6th and the chancellor’s October 7th order finding Shirley in contempt. Thus, there was no opportunity to present evidence of her hospitalization as the basis for her failure to vacate the house.
¶ 18. Additionally, the dissent argues that the chancellor’s continuing jurisdiction over the case negated the requirement of a Rule 81 summons. Here, it is clear that the chancery court had continuing jurisdiction to enforce the judgment dividing the marital property. However, Shirley’s fundamental right to due process afforded her the right to notice and the right to be heard on the action for contempt. Dennis, 824 So.2d at 609(¶ 11).
¶ 19. As the supreme court held in Dennis, the chancery court’s continuing jurisdiction alone was not enough to waive David Dennis’s claims of insufficient service and violation of his due process rights. Id. at 610(¶ 16). Dennis received notice through his attorney, but more importantly, Dennis appeared and defended himself at the contempt hearing. Id. He was given a meaningful opportunity to explain his actions that were the subject of the motion for contempt; thus, his claims of insufficient service and violation of due process were waived. Id.
¶ 20. Shirley was not given notice or an opportunity for a hearing before the chancellor ruled on the motion for contempt. Unlike Isom and Dennis, Shirley was not given an opportunity to present evidence on her behalf regarding the motion. Thus, the service requirements of Rule 81 were not waived as in Isom and Dennis.
¶ 21. Accordingly, the chancellor erred by finding that Shirley’s general appearance at the hearing on a motion for clarification, which was held after the chancellor’s finding of contempt, waived any issue concerning the requirements of Rule 81 notice.
¶ 22. As we find that Shirley’s first two issues are dispositive, we decline to address her remaining assignment of error.
¶ 23. THE JUDGMENT OF THE LAFAYETTE COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
*175 LEE AND MYERS, P.JJ., BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION. KING, C.J., ROBERTS, CARLTON AND MAXWELL, JJ., NOT PARTICIPATING.