ISHEE, J.,
DISSENTING:
¶12. With respect to the majority; I dissent. Robinson fíled a pro se action in Leake County Circuit C.qurt, seeking review of two decisions rendered under the MDOC’s ARP. Robinson did not list the MDOC as a party to the. litigation,, nor did he serve process on the MDOC. Robinson alleged that the MDOC improperly took funds from his. inmate account, and he sought relief in the form of reimbursement, legal fees, and punitive damages. The circuit court summarily dismissed Robinson’s claims, and Robinson filed this appeal. On June 7,' 2016, this Court ordered that Walnut Grove Correctional Facility be dismissed as a party and that the MDOC be substituted in its place.[3]1 adopt the facts as stated in the majority opinion; however, because I find that the proper party to this action was never served with process, I would vacate the circuit court’s dismissal and remand this case back to the circuit court for proceedings in accordance with Rule ¾ of the' Mississippi Rules of Civil Procedure.
DISCUSSION
¶ 13. Jurisdictional questions receive' a de novo review. McCain Builders Inc. v. Rescue Rooter LLC, 797 So.2d 952, 954 (¶ 7) (Miss. 2001). “Personal jurisdiction is established when a defendant is properly served the summons and complaint under Rule 4 of the Mississippi Rules of Civil Procedure.” Richard v. Garma-Fernandez, 121 So.3d 929, 933 (¶ 21) (Miss. Ct. App. 2013). Personal jurisdiction is also established when a defendant voluntarily enters a general -appearance. Isom v. Jernigan, 840 So.2d 104, 107 (¶ 9) (Miss. 2003) (citations omitted). Without either occurrence, the circuit court does not have jurisdiction over the person. Mansour v. Charmax Indus. Inc., 680 So.2d 852, 854 (Miss. 1996) (citing State ex rel. Moak v. Moore, 373 So.2d 1011, 1012 (Miss.1979)). “Jurisdiction of the court is not obtainéd by a defendant informally becoming aware that a suit has been filed against [him]. Complete absence of service of process offends due process and cannot be waived.” Isom, 840 So.2d at 107 (¶ 10) (citing Mansour, 680 So.2d at 854-55).
¶ 14. Robinson failed to serve process upon the proper party in this case. Therefore, I would vacate the circuit court’s judgment dismissing the case against Walnut Grove Correctional Facility, and re-, mand this case for proceedings in accordance with Rule 4 of the Mississippi Rules of Civil Procedure.
WESTBROOKS, J., JOINS THIS OPINION.

. In its order, this Court'found that the circuit court, improperly styled the case as Paul Robinson v. Walnut Grove Correctional Facility; Walnut Grove was not targeted in the initial complaint by reference or allegation. Instead, this Court found that the MDOC was targeted in the. initial complaint and that the MDOC was the proper party. Thus, Walnut Grove was dismissed as an improper party to the appeal, and the MDOC was substituted in its place. See Order, 2015-CP-00681-COA (Miss. Ct. App. June 9, 2016).