# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CT-01439-SCT

*DAVID H. VINCENT*

*v.*

*JOAN (HANKINS) VINCENT GRIFFIN*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 4/6/2001 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | MARY LYNN WILLIAMS DAMARE' |
| ATTORNEY FOR APPELLEE: | PHILLIP GREGORY MEEK |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 05/13/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     David H. and Joan (Hankins) Vincent (now Griffin) were granted a divorce by the Chancery Court of DeSoto County on February 24, 1997. The divorce decree awarded both parents joint legal and physical custody of the three minor children. David and Joan later agreed to alter the terms of child visitation so as to give David custody of the children on alternate weekends and two additional nights each week. According to David, the parties further modified the visitation schedule to allow him to have physical custody of the children from Thursday at 5:00 p.m. to the following Monday. David claimed that he and Joan agreed to suspend child support payments since each of them had the children for relatively equal

periods of time. However, Joan filed a petition for contempt in August 2000 seeking to compel David to pay three years of back due child support.

¶2. On August 31, 2000, a Rule 81 summons was issued informing David of the date and time of the hearing on the contempt motion. David appeared at the scheduled time, but the case was continued until October 2, 2000, at which time an order was entered scheduling the matter for trial on November 15, 2000. On that date, Judge Dennis Baker transferred the case to Judge Percy L. Lynchard, Jr., the chancellor who granted the parties' divorce. David appeared pro se at all hearings.

¶3. On January 31, 2001, Joan's attorney mailed to David a letter and agreed order proposing a trial date of February 28, 2001. David neither responded to the letter nor returned the agreed order. Consequently, on February 21, 2001, Joan's attorney filed a motion for trial date setting notice for David to appear in chancery court on February 26, 2001, at 9:00 a.m. David later claimed to have never received the notice.

¶4. On February 26, 2001, the chancellor entered an order setting a trial date of March 29, 2001. David claimed to have not received any notice of this date and did not appear at trial. At the trial, Joan obtained a contempt judgment for $21,560 in past due child support, sole custody of the minor children, and attorney's fees of $6,080. David appealed but a closely divided Court of Appeals affirmed the chancellor's judgment. *Vincent v. Griffin*, 852 So. 2d 620 (Miss. Ct. App. 2003) (plurality opinion).

## ANALYSIS

¶5. The basic purpose of process is to impart notice. *First Jackson Secs. Corp. v. B.F. Goodrich Co.*, 253 Miss. 519, 176 So.2d 272, 276 (1965). It is clear that the trial court had both subject-matter jurisdiction over the case as well as personal jurisdiction over the parties. Having ruled on the underlying divorce, the trial court therefore retained continuing jurisdiction over matters relating to that judgment.

2

*Covington v. Covington*, 459 So.2d 780, 782 (Miss. 1984). Personal jurisdiction was acquired when David received a summons for the contempt action and thereafter appeared personally at the initial hearing. *Powell v. Powell*, 644 So.2d 269, 273-74 (Miss. 1994). The matter was continued twice before the case was continued indefinitely by general order of the trial court. When the matter was finally reset for a date and time certain, notice of the hearing was served by mail rather than by reissuance of a summons pursuant to M.R.C.P. 81(d)(5) which provides in relevant part:

> summons shall issue commanding the defendant or respondent to appear and defend at a time and place, either in term time or vacation, at which the same shall be heard. Said time and place shall be set by special order, general order or rule of the court. If such action or matter is not heard on the day set for hearing, *it may by order signed on that day be continued to a later day for hearing without additional summons on the defendant or respondent*. The court may by order or rule authorize its clerk to set such actions or matters for original hearing and to continue the same for hearing on a later date.

(emphasis added). The Court of Appeals' plurality opinion found that this language suggests that "no further notice is required once a defendant has been served with a Rule 81 summons." *Vincent*, 852 So. 2d at 623.

¶6. With regard to a contempt proceeding, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). Due process therefore requires that a defendant be given adequate notice. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798-99, 107 S. Ct. 2124, 95 L. Ed.2d 740 (1987). In the present case, David was not given notice of a definite hearing date at the time of the last continuance. When he did not appear at the next hearing, he was found to be in arrears on his child support obligation and was also assessed with attorney fees. David does not dispute his child support obligation but argues only that he was denied the opportunity to challenge the award of attorney fees which was made in his absence.

¶7. In *Caples v. Caples*, 686 So.2d 1071 (Miss. 1996), the wife filed a motion for modification of a joint custody decree in order to obtain exclusive custody of the minor child. After the respondent husband was served with a Rule 81 summons and initially appeared in chancery court, the hearing was recessed indefinitely pending a decision by a foreign court to waive jurisdiction. The matter was reconvened two weeks after the general recess but the husband was not present. The chancellor therefore awarded sole custody to the mother but granted visitation rights to the husband. On appeal, the husband argued that he was not given notice and that he was therefore denied due process. This Court found that there was no order setting a specific date for further proceedings entered on the day that the hearing was continued. Consequently, the Court ruled that "[t]he proper procedure under Rule 81 would have been to serve [the respondent] an additional Rule 81 summons." *Id.* at 1074. The Court held that another Rule 81 summons "would have outlined the time and date for the trial court hearing and informed [the respondent]." *Id.*

¶8. The more reasonable interpretation of M.R.C.P. 81(d)(5) is that an additional summons is not required where by order entered that day the proceedings are continued to a later date certain. However, in the present case, the order setting the last hearing date was not entered on the date of continuance of the prior hearing. Thus, the chancellor should have required service of an additional Rule 81 summons on David before holding the hearing and assessing him with attorney fees. The Court of Appeals' decision to affirm the chancellor's action is inconsistent with this Court's ruling and must therefore be reversed.

**CONCLUSION**

¶9. For these reasons, we reverse the judgments of both the Court of Appeals and the chancery court, and we remand this case to the DeSoto County Chancery Court for a new hearing consistent with this opinion.

4

¶10.     **REVERSED AND REMANDED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ, J. NOT PARTICIPATING.**