# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CT-01680-SCT

*SHIRLEY ANN JAMES HANSHAW*

*v.*

*LARRY HANSHAW*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2005 |
| TRIAL JUDGE: | HON. EDWIN H. ROBERTS, JR. |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | STEWART GUERNSEY |
| ATTORNEY FOR APPELLEE: | THOMAS H. FREELAND, IV |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 01/20/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Following the chancery court's equitable division of the Hanshaws' property, Shirley

was held in contempt for failure to leave the marital home by the court-ordered deadline.

The Court of Appeals reversed and rendered judgment in Shirley's favor, and we granted

certiorari.  Although the court denied Shirley notice and a hearing, the record shows that she

did not follow chancery court orders.  Therefore, we vacate the Court of Appeals' decision,

reverse the chancellor's contempt finding and subsequent denial of Shirley's motion to

reconsider, and remand the case to the chancery court for contempt proceedings consistent with this opinion.

## FACTS AND PROCEEDINGS BELOW

¶2.     The chancery court ordered the equitable division of assets and liabilities in the Hanshaws' extremely contentious divorce.[1]  The court ordered the marital home to be sold by September 21, 2004. Shirley and Larry located a buyer and scheduled the closing for September 30, 2004.[2]   Later, Shirley rescheduled the closing for October 5, 2004.

¶3.     Although Shirley had arranged for a company to move her belongings, she cancelled its services a day before closing.  Thus, on October 4, 2004, counsel for both parties appeared before the court to express their concern that Shirley's failure to vacate the home could prevent the scheduled sale.  On October 5, 2004, the chancellor ordered Shirley to vacate the home by 2:00 p.m. on the scheduled closing day.  If she failed to comply, she would pay Larry a $500-per-hour penalty for each hour she remained at the home, and she would be held in contempt.  Shirley did not vacate the home as ordered.

¶4.     On October 6, 2004, Larry filed a contempt motion, and the court ruled on the motion the next day.  Because Shirley did not leave the home as ordered, the court imposed a $12,000 fine.  Shirley paid the fine to Larry from her share of the proceeds from the sale of their home.

---

[1] The Court of Appeals' opinion includes additional facts that are omitted here for brevity. ***Hanshaw v. Hanshaw***, 2009 WL 4807649 (Miss. Ct. App. Dec. 15, 2009).

[2] The record does not show where the court approved a different deadline for the sale. Therefore, we assume that the closing deadline should have been September 21, 2004.

2

¶5.    The chancellor later denied Shirley's Rule 59 motion to reconsider the contempt finding. *See* M.R.C.P. 59. Shirley had argued that she should not be held in contempt because she did not receive notice and a hearing. The chancellor determined that Shirley's general appearance before the court during a hearing on one of Larry's motions had waived any jurisdictional deficiencies.

¶6.    The Court of Appeals held that the chancellor erred in finding that Shirley had waived proper notice of the contempt action. *Hanshaw*, 2009 WL 4807649, at *3. Then, the Court of Appeals reversed the chancellor's decision, rendered judgment in Shirley's favor, and taxed all costs of the appeal to Larry. *Id.*

## ISSUES

¶7.    We rephrase and review the following issues raised by both parties.

   I.    **Whether the trial court had jurisdiction to enter a contempt order against Shirley Hanshaw when she did not receive service of process consistent with Mississippi Rule of Civil Procedure 81.**

   II.   **Whether the trial court erred by assessing a $500-per-hour contempt penalty against Shirley Hanshaw.**

## DISCUSSION

**I.    Jurisdiction and notice**

¶8.    We review a chancellor's denial of a Rule 59 motion under an abuse-of-discretion standard. *Brooks v. Roberts*, 882 So. 2d 229, 233 (Miss. 2004). On appeal, the movant prevails by showing that the denied Rule 59 motion would have "correct[ed] a clear error of law. . . ." *Id.*

3

¶9.    Because contempt proceedings are distinct actions, they require notice consistent with Mississippi Rule of Civil Procedure 81(d).  M.R.C.P. 81(d); *Shavers v. Shavers*, 982 So. 2d 397, 402 (Miss. 2008); *Isom v. Jernigan*, 840 So. 2d 104, 106 (Miss. 2003); *Dennis v. Dennis*, 824 So. 2d 604 (Miss. 2002).  A chancery court's continuing jurisdiction to enforce a judgment does not waive the requirement for a Rule 81 summons in contempt actions. *Vincent v. Griffin*, 872 So. 2d 676, 677 (Miss. 2004).  Where a party does not waive proper notice of a contempt action, we have reversed the contempt finding and remanded the matter to the chancery court.  *Id.* at 679; *Weeks v. Weeks*, 556 So. 2d 348, 350 (Miss. 1990).

¶10.    The Court of Appeals properly relied on this Court's opinions in *Isom* and *Dennis* to reverse the chancellor's contempt finding.  *Hanshaw*, 2009 WL 4807649, at **3-4.  Here, the record does not indicate that Shirley received proper notice of the October 4 proceeding which led to her contempt citation.  While counsel for both parties appeared before the court on October 4, Rule 81 requires that a summons be personally served on Shirley *before* the contempt proceeding.  M.R.C.P. 81(d).  Further, the record does not indicate that a Rule 81 summons was ever issued after Larry filed his October 6 contempt motion or before the court's October 7 order holding Shirley in contempt.  Because Shirley did not receive proper notice or an opportunity to defend against the charges in a contempt hearing, we reverse the chancellor's contempt finding and subsequent denial of Shirley's motion to reconsider. *Shavers*, 982 So. 2d at 402; *Brooks*, 882 So. 2d at 233.

¶11.    But we also find that the Court of Appeals erred by rendering judgment in Shirley's favor.  While the record is limited, Shirley clearly did not comply with the chancery court's orders to vacate the marital home.  The chancellor had entered at least two valid orders that

4

required Shirley to leave the marital home by specific dates. She did not comply with either order. Because Shirley did not follow unambiguous court orders, we remand this case to the chancery court for contempt proceedings properly noticed pursuant to Rule 81(d)(2). *Vincent*, 872 So. 2d at 679.

**II.     Contempt penalty**

¶12.     With contempt matters, we defer to the chancellor's discretion. *Dennis*, 824 So. 2d at 608. When reviewing a chancellor's contempt finding, we first determine whether the contempt is civil or criminal. *Id.* (citation omitted).

¶13.     Civil contempt orders enforce a private party's rights or compel compliance with a court's order. *Purvis v. Purvis*, 657 So. 2d 794, 796 (Miss. 1994). Hence, the contemnor pays any resulting penalty to the injured party. *Id.* We have allowed a chancellor wide discretion in "exerting his coercive powers to enforce his decrees." *Matthews v. Matthews*, 86 So. 2d 462 (Miss. 1956). *See also* Miss. Code Ann. § 9-5-87 (Rev. 2002). But because civil contempt vindicates a private party's rights, the imposed sanction should not exceed the injured party's damages and expenses. *Wyssbrod v. Wittjen*, 798 So. 2d 352, 368 (Miss. 2001). And generally, the court may award the prevailing party attorney's fees. *Ladner v. Logan*, 857 So. 2d 764, 773 (Miss. 2003). *See Corporate Mgmt., Inc. v. Greene County*, 23 So. 3d 454, 466 (Miss. 2009) (citation omitted) ("[W]here a party's intentional misconduct causes the opposing party to expend time and money needlessly, then attorney fees and expenses should be awarded to the wronged party."). We apply a manifest-error standard of review to civil-contempt orders. *Purvis*, 657 So. 2d at 797.

5

¶14. Conversely, constructive criminal contempt punishes a party for noncompliant conduct outside the court's presence. *Moulds v. Bradley*, 791 So. 2d 220, 224-25 (Miss. 2001). Along with proper notice and a hearing, criminal-contempt actions require additional procedural safeguards and a heightened burden of proof. *In re Williamson*, 838 So. 2d 226, 237-38 (Miss. 2002). The contemnor must pay constructive criminal-contempt fines to the court, rather than to an injured party. *Common Cause of Miss. v. Smith*, 548 So. 2d 412, 416 (Miss. 1989).

¶15. Shirley contends that the contempt finding was necessarily criminal. She argues that since the order finding her in contempt was entered after her contemptuous acts were completed, there was no way for her to purge herself of contempt. Further, if the chancellor imposed criminal contempt, the court exceeded Mississippi Code Section 9-1-17, which allows a $100 fine per contempt event.[3] But Shirley also argues that remand is now "futile" since she has "purged herself beyond cavil" of any contempt.

¶16. While disputed, the record shows that the chancellor intended to impose civil contempt. The primary purpose of the prospective penalty was to compel Shirley's compliance with the court's earlier judgment, which had required the home to be sold by September 21, 2004. Alternately, the penalty attempted to compel her to move by the rescheduled closing date of October 5, 2004. The contempt finding also enforced Larry's

---

[3]Shirley cites no relevant authority to support her related contentions that the contempt finding unjustly enriched Larry and that the amount of the sanction contributed to her "impoverishment by divorce." We have no obligation to consider an assignment of error unsupported by reasons or authority. M.R.A.P. 28(a)(6); *Hoops v. State*, 681 So. 2d 521, 535 (Miss. 1996).

right to his portion of the proceeds from the sale. Finally, the court ordered Shirley to pay the fine to Larry, which further supports that the contempt was civil.

¶17. Here, the chancellor distributed the sanction to Larry without a finding on the damages, expenses, and attorney's fees that Larry had incurred because of Shirley's delay in leaving the home. Therefore, we find that the chancellor committed manifest error in not making this necessary finding for a civil-contempt citation. *Purvis*, 657 So. 2d at 797.

¶18. We further find that Shirley has not "purged" herself of a civil-contempt finding simply because the time for her performance has passed. *See Common Cause*, 548 So. 2d at 415 (citation omitted) (civil contemnor purges contempt finding by paying costs and expenses and complying with terms of court's order). On remand, any potential civil-contempt sanction should appropriately measure Larry's damages and attorney's fees. *Corporate Mgmt., Inc.*, 23 So. 3d at 466. Likewise, in any future constructive criminal-contempt proceeding, the court should allow Shirley the appropriate procedural safeguards. *In re Williamson*, 838 So. 2d 226 at 237-38. We leave the calculation of an appropriate penalty for a constructive criminal contempt finding to the chancellor's discretion. Miss. Code Ann. § 9-1-17 (Rev. 2002).

## CONCLUSION

¶19. We reverse the decision of the Court of Appeals rendering judgment in Shirley's favor. We also reverse the chancellor's contempt finding and subsequent denial of Shirley's motion to reconsider and remand this case to the chancery court for contempt proceedings consistent with this opinion.

7

¶20.    **REVERSED AND REMANDED.**

     **CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.**