# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00640-COA

**NATHAN BOLIVAR**                                                          **APPELLANT**

**v.**

**CAROLYN BOLIVAR**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/2022 |
| TRIAL JUDGE: | HON. FRANKLIN C. McKENZIE JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | RISHER GRANTHAM CAVES |
| ATTORNEY FOR APPELLEE: | S. CHRISTOPHER FARRIS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | VACATED - 01/09/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     In the midst of highly contentious divorce proceedings between the parties, Carolyn Bolivar filed a fourth motion for a citation of contempt against Nathan Bolivar, citing his repeated refusal to pay court-ordered temporary support. Nathan challenged the jurisdiction of the Jones County Chancery Court to address the contempt motion because Carolyn failed to serve him with a summons under Rule 81 of the Mississippi Rules of Civil Procedure. The chancery court overruled Nathan's objection to lack of jurisdiction and granted Carolyn's motion for contempt.[1] The court denied Nathan's subsequent motion to amend the judgment,

---

[1] Although Mississippi Code Annotated 11-51-12(1) (Rev. 2019) allows for the appeal from a contempt order, the chancery court also certified the order as a final judgment under Mississippi Rule of Civil Procedure 54(b).

concluding that because the case was pending, and the contempt motion sought to enforce a temporary order, a Rule 81 summons was not required.

¶2.     Arguing that the caselaw on this issue is "somewhat unclear," Nathan asks this Court "to definitively clarify the question of whether or not Rule 81 . . . requires a litigant to issue and serve a Rule 81 summons as a prerequisite for a contempt hearing in the midst of a pending divorce case."   Upon review of the Mississippi Rules of Civil Procedure and caselaw, we hold that Rule 81(d)(5) requires the issuance of a summons for a contempt proceeding regardless of the status of the litigation.   While this requirement may be waived, that is not the case before us.[2]   We therefore conclude that Carolyn was required to have a new Rule 81 summons issued for her fourth contempt motion, and we vacate the chancery court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶3.     On April 15, 2021, Carolyn Bolivar filed a complaint for divorce against her husband Nathan Bolivar "on the ground[] of uncondoned adultery."   In the complaint, Carolyn requested a temporary hearing to address issues of support and visitation, and she sought a domestic protection order prohibiting Nathan from contacting her.   A Rule 81 summons (for a hearing on May 10) was issued to Nathan.   On May 10, 2021, Nathan filed a response and

_____

[2] *See, e.g.*, *Wallace v. Wallace*, 309 So. 3d 104, 113 (¶¶38-39) (Miss. Ct. App. 2020) (finding that defendant "waived any objection to the lack of a Rule 81 summons" because she appeared at the contempt hearing and defended the motion on the merits without objecting to the lack of service of process).   Here, Nathan argued the issue of insufficient service before the chancery court; so he has not waived the issue.

answer, summarily denying the allegations in the complaint.

¶4.     On May 20, 2021, the chancellor[3] entered an agreed order continuing the temporary hearing until June 16, 2021, which noted that "all process [was] preserved on the Defendant, Nathan Bolivar, until the hearing of this matter." On June 18, 2021, the hearing was again reset by agreement of the parties for July 14. A second Rule 81 summons was issued to Nathan (for the July 14 hearing) on June 25, 2021.

¶5.     Nathan filed a counterclaim for divorce and temporary relief on July 13, 2021, seeking a divorce "on the grounds of adultery and habitual cruel and inhuman[ ] treatment or[,] in the alternative[,] a divorce on Irreconcilable Differences." Nathan attended the scheduled hearing on July 14 with his attorney.[4]

¶6.     The chancery court entered a temporary order on July 19, 2021, granting Carolyn "primary physical custody" of the children and possession of the marital home. The court ordered Nathan to pay $1,700 per month in child support and $800 per month in spousal support. The chancery court's order also noted that Nathan "came to Court with no 8.05 financial statement and the only evidence as far as income was presented by [Carolyn] in the form of financial documents she had retrieved from some source."

*First Contempt Motion*

¶7.     Two days later, on July 21, 2021, Carolyn filed an amended complaint for divorce,

---

[3] Chancellor Billie Graham entered an order of recusal on June 15, and a special chancellor, Frank McKenzie, was appointed.

[4] Nathan's attorney filed a motion to withdraw at that time, which the court granted.

which included a request for a citation of contempt against Nathan for his failure to allow her and the children to use the marital home in accordance with the court's temporary order. A Rule 81 summons was also issued to Nathan (as well as his parents) for a hearing on August 2, 2021. However, the sheriff's return of service revealed that despite "numerous attempts," he was unable to serve Nathan with the Rule 81 summons and the amended complaint.

*Second Contempt Motion*

¶8.     Carolyn filed a second contempt motion on August 13, 2021, stating that Nathan had not paid the court-ordered child support, spousal support, and expenses for the marital home. The motion noted that Nathan had "stood before the Court at the first contempt hearing and said he had no money"; so Carolyn attached documentation showing Nathan had received income "through June of 2021."

¶9.     Nathan filed a motion to modify the temporary order on September 27, 2021, claiming that he did "not have the financial means available to him" to pay the child support and spousal support the chancery court had ordered. After a hearing, the chancery court entered a judgment finding Nathan in "wilful obstinate contempt" of the court's temporary order and ordered him to pay three months' arrearage of support payments, totaling $7,500. The court further noted that Nathan had "appeared now for the third time without an 8.05 financial affidavit," *see* UCCR 8.05, and had "come to court [with] no documentation nor witnesses" to demonstrate his inability to pay. Nathan was ordered to be incarcerated until he purged himself of contempt.

4

*Third Contempt Motion*

¶10.    Carolyn filed a third motion for contempt against Nathan on November 23, 2021, stating that Nathan was in arrears for two months of child and spousal support.  The motion also requested the chancery court to order the marital home be sold "and the proceeds split." On January 7, 2022, Carolyn filed an emergency motion for a restraining/domestic protection order, alleging that Nathan had cut off the electricity to the marital home and blocked her access to the marital home.  She also expressed concern for "her safety and that of her children" after a vehicle inspection showed her car's brake line had been cut, and an old cell phone had been attached under the bumper for tracking purposes.

¶11.    Three days later, Nathan filed a motion for a continuance of the scheduled January 13, 2022 hearing.[5]  On January 14, the court entered an emergency domestic protection order, prohibiting either party from contacting or coming within 100 yards of each other (unless for visitation exchange purposes).  Nathan was ordered to pay for Carolyn's car repair.

¶12.    On January 28, 2022, Nathan filed a motion seeking to modify the court's temporary order and a motion for temporary relief, requesting a downward modification of his child-and-spousal-support obligations based on a loss of income.[6]  Nathan also sought exclusive use and possession of the marital home.

---

[5] Nathan's second attorney filed an ore tenus motion to withdraw as counsel at the hearing, which the chancery court granted.

[6] Although not pertinent to the appeal, Nathan also filed a motion to amend his answer and counterclaim, which the court later granted.

¶13.   A hearing was held on February 7, 2022, on Carolyn's third motion for contempt and Nathan's motion to modify the temporary order and for temporary relief.  On February 17, the chancery court granted Carolyn's contempt motion and awarded her a judgment of $16,031.21.[7]  The court denied Nathan's motion.  An agreed order setting trial for July 2022 was also entered on February 24, 2022.

*Fourth Contempt Motion*

¶14.   Carolyn filed a "Fourth Motion for Citation of Contempt of the Temporary Order and Subsequent Contempt Orders" on March 24, 2022.  The motion alleged that Nathan had quit working to prevent the garnishment of his wages to pay the court-ordered temporary support, as ordered in the chancellor's February 2022 contempt order.  Nathan filed a "Response Objecting to Jurisdiction," asserting that Carolyn "ha[d] failed to follow the jurisdictional prerequisites for bringing a contempt action" because she "failed to issue a new Rule 81 summons and cause said summons to be served upon Nathan at least seven days prior to the hearing date."  He asked the chancery court to deny Carolyn relief "until she issues and serves upon Nathan a Rule 81 summons apprising him of her contempt action."

¶15.   A hearing was held on April 4, 2022.  Nathan appeared at the hearing with his newly hired attorney.  The chancellor overruled Nathan's motion objecting to jurisdiction,

_____

[7] The court's order also overruled Nathan's objection "based on lack of service of process and lack of jurisdiction," which we infer was asserted at the contempt hearing because the record does not indicate that Nathan objected to jurisdiction in any of his filings prior to the hearing.

6

distinguishing the notice requirements between a contempt action "based on a final judgment versus an order in ongoing litigation." On May 4, 2022, the chancery court entered a final judgment, finding Nathan "in willful obstinate contempt of this Court's Temporary Order by his refusal to pay the child support, spousal support and repairs to Plaintiff's vehicle." The court ordered Nathan to be incarcerated "every weekend . . . until he pays in full the prior Judgment of $16,031.21, as well as any accrued" support payments and attorney's fees.

¶16.    Nathan filed a motion to alter or amend the judgment,[8] again challenging the chancery court's jurisdiction based on Carolyn's failure to serve a Rule 81 summons. At the June 17, 2022 hearing, Nathan's attorney argued that contempt actions are "held to be separate actions requiring new and special summons under Rule 81." The chancery court disagreed and denied the motion, finding "Carolyn's [Mississippi] Rule [of Civil Procedure] 5 notice of her contempt motion was sufficient to apprise Nathan of her claim against him."

¶17.    Nathan appeals from the chancery court's final judgment and its order denying his Rule 59 motion. He contends that this Court should vacate the May 2022 judgment finding him in contempt because Carolyn failed to have a Rule 81 summons issued and serve Nathan with the new Rule 81 summons.[9] Carolyn argues that she was not required to serve a Rule

---

[8] *See* M.R.C.P. 59(e).

[9] The latest Rule 81 summons issued to Nathan was on July 21, 2021, for a hearing on Carolyn's amended complaint and first contempt motion. As noted, Nathan did not receive service of process on this (his third) Rule 81 summons, with the deputy sheriff indicating that "numerous attempts" were made with "no contact." No new Rule 81 summonses were issued for the subsequent contempt motions.

81 summons "for a motion for citation of contempt of a temporary order." She also asserts that Nathan "received sufficient notice of the contempt hearing pursuant to Rule 5 [of the Mississippi Rules of Civil Procedure]."

## STANDARD OF REVIEW

¶18.    "This Court's scope of review in domestic-relations matters is strictly limited." *Curry v. Frazier*, 119 So. 3d 362, 365 (¶8) (Miss. Ct. App. 2013) (quoting *Pritchard v. Pritchard*, 99 So. 3d 1174, 1177 (¶18) (Miss. Ct. App. 2012)). We will not disturb the chancery court's findings if "supported by substantial evidence unless the [court] abused [its] discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Id*. (citing *Pritchard*, 99 So. 3d at 1177 (¶18)). "Questions of law are reviewed de novo." *Donaldson v. Cotton*, 336 So. 3d 1099, 1105 (¶14) (Miss. 2022).

## DISCUSSION

¶19.    In denying Nathan's Rule 59 motion, the chancery court noted "that there's a distinction between whether the contempt is a new action based on a final judgment versus an order in ongoing litigation." (Citing *Curtis v. Curtis*, 59 So. 3d 623, 629 (¶22) (Miss. Ct. App. 2011)). Specifically, we held in *Curtis* that "[i]n an unresolved domestic matter, where the parties have already been properly summoned before the chancery court and are aware of the on-going nature of the litigation, Rule 5 provides an efficient means of providing notice of hearing." *Id*. at 632 (¶37);[10] *see also Garrison v. Courtney*, 304 So. 3d 1129, 1154

---

[10] *Curtis* concerned a hearing on the division of marital property, not a contempt hearing to enforce a temporary order for support. *Curtis*, 59 So. 3d at 625 (¶2). Moreover,

8

(¶93) (Miss. Ct. App. 2020) (determining that "the fact that a Rule 81 summons was not re-issued" after the contempt motion was filed did "not change our determination that the chancery court did not abuse its discretion" in "rendering a decision" on contempt); *Carroll v. Carroll*, 976 So. 2d 880, 885 (¶9) (Miss. Ct. App. 2007) (holding that under Rule 81(d)(6), Mississippi Rule of Civil Procedure 5(b) notice "shall be sufficient as to any *temporary hearing* in a pending divorce or separate maintenance, custody or support action provided the defendant has been summoned to answer the original complaint"). Relying on these cases, the chancery court concluded "that a Rule 81 summons does not have to be issued and served in a pending case where contempt is based on failure to follow a temporary order."

¶20.    Nathan appeals the chancery court's ruling, observing that Mississippi caselaw "interpreting Rule 81 in the context of contempt actions in a pending divorce has become somewhat unclear." Reviewing the caselaw and the applicable rules, we agree. Rule 81(d)(5) states that "[u]pon the filing of any action or matter listed in subparagraphs (1) and (2)," which includes contempt,[11] "summons *shall issue* commanding the defendant or

we vacated the court's award of medical expenses under the terms of the property-settlement agreement due to the wife's failure to file a petition for contempt and a Rule 81 summons, noting that "[e]nforcing compliance with a court order is a matter of civil contempt." *Id*. at 631-32 (¶¶37-36).

[11] Rule 81(d)(2) states:

The following actions and matters shall be triable 7 days after completion of service of process in any manner other than by publication or 30 days after the first publication where process is by publication, to wit: removal of disabilities of minority; temporary relief in divorce, separate maintenance, child custody, or child support matters; modification or enforcement of custody, support, and

respondent to appear and defend at a time and place, either in term time or vacation, at which the same shall be heard." (Emphasis added). However, recent precedent has indeed eroded the requirement for a Rule 81 summons in contempt matters during pending domestic litigation.

¶21. This erosion can be traced back to this Court's analysis in *Sanghi v Sanghi*, 759 So. 2d 1250 (Miss. Ct. App. 2000), a case in which we addressed a defendant's argument that the chancery court lacked jurisdiction to find him in contempt for failing to pay support in accordance with a divorce decree. *Id*. at 1251 (¶1). After receiving the notice of the hearing and contempt petition, the defendant requested that the hearing be postponed, and he was accommodated. *Id*. at 1254 (¶16). However, after the defendant failed to appear at the rescheduled hearing, the trial court found him in contempt and ordered his incarceration. *Id*. at (¶19). Because he "was never properly summonsed" under Rule 81, we reversed and remanded for further proceedings. *Id*. at 1258 (¶37).

¶22. However, we reasoned in *Sanghi*:

A domestic relations case remains subject to recurring motions even after all prior contested matters are resolved. A pleading to alert the other party that a new dispute has arisen is in the nature of awakening *a dormant suit, distinguishable both from commencing new litigation and from just filing a motion in active litigation*. The applicable procedural rule is one that applies

---

alimony judgments; contempt; and estate matters and wards' business in which notice is required but the time for notice is not prescribed by statute or by subparagraph (1) above.

M.R.C.P. 81(d)(2).

10

to petitions to modify or enforce final custody, alimony or support judgments. M.R.C.P. 81(d)(2).

*Id*. at 1253 (¶13) (emphasis added). This language has since been interpreted by this Court to obviate the requirement for the issuance of a Rule 81 summons for contempt matters in an *ongoing or pending* divorce matter. In *Carroll*, a factually similar case, we held that "where there has been no final judgment upon a complaint for divorce, [Rule 5(b)] notice is all that is required for setting a hearing in the process for reaching the final judgment." *Carroll*, 976 So. 2d at 885 (¶9) (citing *Sanghi*, 759 So. 2d at 1253 (¶13); M.R.C.P. 81(d)(6)). We therefore determined that a new Rule 81 summons "was not necessary" for the "hearing on whether [the defendant] was in contempt for failing to comply with the agreed temporary order for support." *Id*. at (¶10).[12]

¶23. Subsequently, in *Garrison*, despite already finding the defendant had received an "imperfect" Rule 81 summons[13] and had waived the issue of insufficient service of process, this Court cited *Sanghi* to address the defendant's argument that the chancery court "improperly heard the motion for contempt because a Rule 81 summons was not re-issued[.]" *Garrison*, 304 So. 3d at 1153-54 (¶¶87-93). We reasoned:

---

[12] Alternatively, we held that even if Rule 81 were "applicable to a hearing to enforce a temporary order in ongoing litigation," defense counsel's appearance "waived any error." *Carroll*, 976 So. 2d at 885 (¶10).

[13] The motion for contempt was filed one day after the Rule 81 summons was issued and only six days before the hearing. *Garrison*, 204 So. 3d at 1152 (¶¶83-84). Rule 81(d)(2) provides that contempt matters "shall be triable 7 days after completion of service of process."

11

> The parties' divorce was not a 'dormant suit,' and a 'final' judgment of divorce had not been entered. Rather, the motion for contempt was filed in a pending divorce in which [the respondent] had answered in response to a summons issued on [the plaintiff's] original complaint for divorce.

*Garrison*, 304 So. 3d at 1154 (¶93). Thus, we noted that the failure to re-issue the Rule 81 summons was not "a significant factor" "under the circumstances," and we found no abuse of discretion in the court's finding of contempt. *Id*. at 1154-55 (¶¶92-93).

¶24. Although these cases cited by the chancery court could be distinguished from the present case, we conclude that to the extent that they hold or imply that a petitioner does not have to serve a new Rule 81 summons for a contempt matter in pending domestic litigation, they are overruled. Particularly, we find that Rule 81(d)(6) does not excuse the issuance of a Rule 81 summons when filing a motion for contempt to enforce a court's temporary order in a divorce proceeding. Rule 81(d)(6) expressly designates the types of actions where Rule 5(b) notice is sufficient, providing that "Rule 5(b) notice shall be sufficient as to any *temporary hearing in a pending divorce, separate maintenance, custody or support action* provided the defendant has been summoned to answer the original complaint." (Emphasis added).[14] As contempt matters are not included or mentioned, we find Rule 81(d)(6) does not negate the summons requirement of 81(d)(5).[15] Furthermore, Rule 81(d) specifies that

---

[14] Conversely, our Court has held that "Rule 81 service of process . . . fails to provide sufficient notice, as required by Rule 5(b), to further litigate unresolved matters of a pending divorce, including property division." *Boone v. Boone*, 80 So. 3d 150, 159 (¶28) (Miss. Ct. App. 2012).

[15] We further note that contempt hearings are not "temporary hearings," and the fact that the result of a contempt hearing could be incarceration makes the need for a Rule 81

12

"[t]he special rules of procedure set forth in this paragraph shall apply to the actions and matters enumerated in subparagraphs (1) and (2) hereof *and shall control to the extent they may be in conflict with any other provision of these rules*." (Emphasis added).

¶25. "Although contempt proceedings in divorce cases often are filed in the same cause number and proceed with the underlying divorce case, they are held to be separate actions, requiring new and special summons under Mississippi Rules of Civil Procedure 81." *Shavers v. Shavers*, 982 So. 2d 397, 402 (¶25) (Miss. 2008);[16] *see also Hanshaw v. Hanshaw*, 55 So. 3d 143, 146 (¶9) (Miss. 2011) (recognizing that "contempt proceedings are distinct actions"). We hold that Rule 81(d)(5) required Carolyn to have a new Rule 81 summons issued to (and served on) Nathan for the fourth contempt motion. *See Pearson v. Browning*, 106 So. 3d 845, 848 (¶12) (Miss. Ct. App. 2012) (finding "Rule 81(d)(5) governs the need for additional summons on the defendant" in a contempt matter).

¶26. "An opposing party's failure to issue a Rule 81 summons may result in the chancery court losing its personal jurisdiction." *Harrison v. Howard*, 356 So. 3d 1232, 1241 (¶25) (Miss. Ct. App. 2023) (citing *Pearson*, 106 So. 3d at 852 (¶39)); *see also Clark v. Clark*, 43 So. 3d 496, 499 (¶12) (Miss. Ct. App. 2010) ("[I]n Rule 81 matters, a Rule 81 summons must

---

summons crucial for the purposes of due process. *See Garrison*, 304 So. 3d at 1153 (¶87) ("recogniz[ing] that 'in contempt proceedings, complete absence of service of process offends due process and cannot be waived'" (quoting *Dennis v. Dennis*, 824 So. 2d 604, 609 (¶13) (Miss. 2002))).

[16] *Shavers* concerned the state trial court's jurisdiction over a contempt matter due to federal removal, not a challenge to service of process. *Shavers*, 982 So. 2d at 402 (¶25).

13

be issued; otherwise, service is defective.").  "A judgment is deemed void if the court rendering it lacked jurisdiction." *Clark*, 43 So. 3d at 501 (¶21).

¶27.    Accordingly, we vacate the chancery court's May 4, 2022 final judgment finding Nathan in contempt, and we find the remaining assignments of error (i.e., Nathan's inability to pay and request for attorney's fees) are moot.

¶28.    **VACATED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**